UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORY WATTS,<br>CDCR #V-53248,<br><br>                                    Plaintiff,<br><br>vs.<br><br>A. DEMSA, V. CORTES, C. FROST, J. JUAREZ, J. STEWART,<br><br>                                    Defendants. | Case No.:  3:20-cv-00110-JLS-BLM<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)** |

Plaintiff Tory Watts, incarcerated at R.J. Donavan State Prison ("RJDSP") in San Diego, California, is proceeding pro se in this case with a civil rights Complaint ("Compl.") filed pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a trust account statement which the Court construes as a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.      Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

///

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at RJDSP. *See* ECF No. 2 at 1–4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff maintained an average monthly balance

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

of $227.25, and had $227.46 in average monthly deposits credited to his account over the six-month period immediately preceding the filing of his Complaint. His available balance as of December 27, 2019, however, was only $26.21. *See* ECF No. 2 at 1.

Therefore, the Court **GRANTS** the IFP Motion (ECF No. 2) and assesses his initial partial filing fee to be $45.49 pursuant to 28 U.S.C. § 1915(b)(1). Because his available balance at the time of filing was insufficient to cover this initial fee, however, the Court will direct the Secretary of the CDCR, or his designee, to collect it *only if sufficient funds are available in Plaintiff's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)

### A.     *Legal Standard*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"
///

*Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

In his Complaint, Plaintiff states that in 2018, he was housed at RJDSP. *See* Compl. at 19. On September 6, 2018, RJDSP was on institutional lockdown and the entire facility was searched. *Id.* Correctional Officer Demsa searched Plaintiff's cell and stated in his Rules Violation Report ("RVR") that during the search he discovered a Bluetooth headset and a black LG cell phone. *Id*. at 39. Demsa also stated in his RVR that when Plaintiff was questioned about the cell phone, Plaintiff said, "Yeah, it's mine." *Id.* Plaintiff claims Demsa's RVR is "not accurate" because Plaintiff was not present during the search. *Id.* Plaintiff claims that on September 6, 2018, he had a "Priority Medical Ducat," and that after being strip searched he was taken to the prison's triage area (TTA"). *Id*. at 19. He

did not return to his cell for six or seven hours. *Id*. After a disciplinary hearing, Plaintiff was found guilty of possessing a cell phone and was assessed ninety days loss of credits, canteen privileges, phone privileges, and day room privileges. *Id*. at 40.

Plaintiff claims Demsa violated his due process rights by failing to photograph the cell phone where he found it. *Id*. at 21. Plaintiff also claims Demsa lied about hearing him say the cell phone belonged to him. *Id*. According to Plaintiff, Lts. Cortes and Frost failed to follow proper procedures at his disciplinary hearing, violating his due process rights. *Id*. at 21–22. And he claims Acting Warden Stewart and Assistant Warden Juarez failed to correct the violations committed by Demsa, Cortes and Frost. *Id*. at 25–26. Finally, Plaintiff claims Defendants violated his Eighth Amendment rights. *Id*. Plaintiff seeks declaratory and injunctive relief, the restoration of all rights and privileges, expungement of the disciplinary convictions, $25,000 in compensatory damages jointly and severally from all defendants, and $5,000 in punitive damages from each defendant. *Id*. at 26–28.

### C. *42 U.S.C. § 1983*

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("[M]unicipalities and other local governmental units . . . [are] among those persons to whom § 1983 applies."). To state a claim under section 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

### D. *Fourteenth Amendment Due Process Claims*

The Due Process Clause of the United States Constitution protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484

(1995)) (internal quotation marks omitted). Although the level of hardship must be determined on a case-by-case basis, courts look to: "(1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's disciplinary authority; (2) the duration of the condition; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486–87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Id.* at 860.

As a result of his disciplinary hearing, Plaintiff was assessed a 90-day loss of credits, canteen privileges, phone privileges and day room privileges. (Compl. at 40.) A 90-day loss of privileges does not give rise to a protected liberty interest. *Morgal v. Williams*, 609 Fed. App' x. 366, 367 (9th Cir. 2015). Plaintiff's loss of credits does give rise to a liberty interest, but Plaintiff cannot seek damages based on claims that he has been unlawfully convicted, sentenced, and/or incarcerated in a civil rights action pursuant to 42 U.S.C. § 1983 without first showing his conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment . . .") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under Section 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for writ of habeas corpus under 28 U.S.C. § 2254, or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78–79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state

prisoners that fall within the core of habeas and such claims may not be brought in a § 1983.") (citing *Dotson*, 544 U.S. at 81–82).

In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–87; *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1054–55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas '§ 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Ramirez*, 334 F.3d at 856 (quoting *Preiser*, 411 U.S. at 498–99) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)).

Because it appears that Plaintiff seeks damages based on allegations that the proper procedures were not followed at his disciplinary hearing, he may not proceed pursuant to § 1983, unless and until his conviction which resulted from the RVR has already been invalidated. *Heck*, 512 U.S. at 486–87; *Ramirez*, 334 F.3d at 855–56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'") (quoting *Heck*, 512 U.S. at 489)). This is because an award of damages in his favor would necessarily imply the invalidity of his convictions and consequently affect the duration of his confinement. *See Heck*, 512 U.S. at 487; *see also*

*Pattillo v. Lomardo*, No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release . . . or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus.").

Accordingly, the Court finds that Plaintiff fails to state a Fourteenth Amendment Due Process claim upon which relief may be granted.

### E. Eighth Amendment Claims

Plaintiff claims that Defendants Demsa, Cortes, Frost, Juarez and Stewart violated his Eighth Amendment rights by improperly documenting where the cell phone was found, presenting misleading and false facts at the disciplinary hearing and conducting illegal procedures. Compl. at 25–26. He also contends Defendants Juarez and Stewart refused to review his evidence at the disciplinary hearing and appeal. *Id.*

"After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel unusual punishment forbidden by the Eighth Amendment." *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)) (internal quotations omitted). "[A]mong unnecessary and wanton inflictions of pain are those that are totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (internal quotations and citations omitted).

To state a cruel and unusual punishment claim, Plaintiff must allege facts sufficient to satisfy two requirements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, he must allege his deprivation was "objectively [and] 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); *see also Peralta v. Dillard*, 744 F.3d 1076, 1091 (9th Cir. 2014). Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson*, 501 U.S. at 298–300; *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (citations omitted).

Second, Plaintiff's Complaint "must contain sufficient factual matter" to demonstrate that each Defendant acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Iqbal*, 556 U.S. at 678; *Wilson*, 501 U.S. at 303; *Peralta*, 744 F.3d at 1091. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to the prisoner's health and safety." *Farmer*, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw that inference." *Id.*

Plaintiff invokes the Eighth Amendment with respect to the purported falsification of the RVR documenting his possession of a cell phone, the disciplinary hearing, and the disciplinary punishment imposed as a result of being found guilty of possessing a cell phone. Compl. at 17–27, 45–46. These facts do not rise to the level of an Eighth Amendment violation because they do not amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities," *Rhodes*, 452 U.S. at 347, nor do they establish that prison officials knew of and disregarded an excessive risk to the Plaintiff's health and safety." *Farmer*, 511 U.S. at 837. For these reasons, Plaintiff has failed to state an Eighth Amendment conditions of confinement claim upon which relief can be granted.

**III. Conclusion and Orders**

For the reasons discussed, the Court:

1. Construes Plaintiff's trust account statement as a Motion to Proceed IFP and **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $45.49 initial filing fee assessed. However, because Plaintiff's available balance was insufficient to satisfy this initial fee at the time of filing, the Court will direct the Acting Secretary of the CDCR, or his designee, to collect the initial $45.49 fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a

prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2). **All payments must be clearly identified by the name and number assigned to this action.**

      3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

      4. **DISMISSES** this civil action *sua sponte* based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and **DENIES** leave to amend as futile.

      5. **CERTIFIES** that an IFP appeal in this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

      6. **DIRECTS** the Clerk of the Court to close the case.

      **IT IS SO ORDERED**.

Dated: April 16, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge